UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEVEN NOVIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 25-CV-11036-AK |
| v. | ) | |
| MOBIZ INC. ET AL, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant (s). | ) | |

## STANDING ORDER REGARDING MOTIONS FOR DEFAULT JUDGMENT

**A. KELLEY, D.J.**

A notice of default has been issued to the above-named defendant(s) upon request of the plaintiff(s) in the above-entitled action.

In anticipation of a motion for entry of default judgment being filed, counsel/parties are advised of the following requirements for submission of such motion in order to ensure compliance with Federal Rule of Civil Procedure 55:

1. A party making a motion for default judgment shall comply with all the requirements of Fed. R. Civ. P. 55, particularly those related to the filing of affidavits. The moving party shall also submit a proposed order of default judgment, using the attached draft order if appropriate. Such compliance shall be completed no later than 14 days after the filing of the motion itself.

2. Within the 14-day period for compliance by the moving party, the party against whom default judgment is sought shall have an opportunity to file a substantive opposition to the default judgment motion and to request a hearing thereon.

3. The Court will take up the motion for default judgment on the papers at the conclusion of the 14-day period. Should the motion for default judgment at that time fail to comply with Fed. R. Civ. P. 55, the motion may be denied with prejudice to any renewal of such motion within six months of the denial. Any renewed motion for

default judgment may not include a request for interest, costs, or attorneys' fees in the matter, nor will such relief be granted on any renewed motion for default.

4. Necessary and appropriate action with respect to this Standing Order shall be taken by the moving party within 30 days of the date of the issuance of this Order. If for any reason the moving party cannot take necessary and appropriate action, that party shall file an affidavit describing the status of this case and shall show good cause why necessary and appropriate action with respect to this Standing Order cannot be taken in a timely fashion and why this case should remain on the docket. Failure to comply with this paragraph will result in the entry of dismissal of the moving party's claims for want of prosecution.

Dated: August 13, 2024                                By the Court,

                                                      /s/ Courtney Horvath
                                                      Deputy Clerk