**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **STEVEN NOVIA,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**MOBIZ INC.**<br>**AND**<br>**HARRIS BROTHERS**<br>**OF MICHIGAN, INC.**<br><br>*Defendants.* | Case No.<br>   1:25-cv-11036-AK<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**<u>Plaintiff's Response in Opposition to Defendant's Motion to Dismiss</u>**

## I.    INTRODUCTION

Defendant Harris Brothers of Michigan, Inc's. Motion to Dismiss runs contrary to years of well-established TCPA case law holding that companies, like Harris Brothers, who direct their calling conduct into a particular forum are subject to specific personal jurisdiction in that forum. This case provides no different a situation that other cases which Courts have uniformly held. And, for the reasons stated in Plaintiff's opposition to MoBiz's Motion to Dismiss, the Court should not dismiss the caller ID claims, either.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rather than require detailed pleadings, the Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In ruling on a Rule 12(b)(2) motion, if the district court does not hold a hearing and instead relies on pleadings and affidavits, the Court must look, just as under Rule 12(b)(6), to the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50-51, 62 (1st Cir. 2002). A Rule 12(b)(2) challenge is unique in that it is not limited to the four corners of the pleading and the Court may consider additional evidence proffered by both parties,

1

including holding an evidentiary hearing, to establish whether the Plaintiff has met the burden of proof. *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995). To defeat a motion to dismiss for lack of personal jurisdiction, therefore, at the pleadings stage, as here, the nonmoving party need only make a *prima facie* showing of jurisdiction in the light most favorable to it. *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675-76 (1st Cir. 1992). And, when claims of jurisdiction are the subject of a good faith dispute, the court must generally permit jurisdictional discovery. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 625 (1st Cir. 2001)

### III.    ARGUMENT

*A.    Well-Established TCPA Case Law Confirms Specific Jurisdiction Here.*

There exist two types of personal jurisdiction: general and specific. Specific personal jurisdiction exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984). Plaintiff contends that this Court can assert *specific* personal jurisdiction here, as bolstered by the Plaintiff's affidavit in support of jurisdiction. (Exhibit 1, Novia Dec.) Notably, Defendant misapprehends the standard here. Plaintiff is proceeding in federal question, not diversity, jurisdiction. In federal question cases, a court can exercise personal jurisdiction over a defendant "if that defendant has sufficient contacts with the United States as a whole." *Alianza Americas v. DeSantis*, 727 F.Supp.3d 9, 33 n.11 (D. Mass. 2024). But where a federal statute does not provide for nationwide service, Federal Rule of Civil Procedure 4(e) allows extraterritorial service of process only to the extent permitted by the law of the state in which the

district court sits. *Id.*

A federal court may assert *specific* personal jurisdiction over a nonresident defendant when it commits "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The plaintiff's claims "must arise out of or relate to the" defendant's contacts with the forum. *Helicopteros*, 466 U.S. at 414. To demonstrate purposeful availment, the plaintiff need only show (1) that the defendant conducted some activity in the forum so as to subject it to personal jurisdiction there and (2) that the constitutional due process notions of fair play and substantial justice are satisfied. *Burger King*, 471 U.S. 462, 464 (1985). This Court exercises personal jurisdiction over a nonresident defendant of the forum state to the maximum extent authorized by the law of the forum, usually as dictated by the state's long arm statute. FED R. CIV. P. 4(e), (k)(1).

Defendant challenges chiefly purposeful availment. On this point, "The jurisdictional requirements imposed by the Massachusetts long-arm statute are quite similar to, though not completely congruent with, the jurisdictional requirements imposed by the Due Process Clause." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016). So long as the Plaintiff presents jurisdictional facts to survive due process scrutiny and satisfies one of the statutory prerequisites of the Long Arm statute, a Court may rightly impose personal jurisdiction. *Good Hope Indus., Inc. v. Ryder Scott Co.*, 378 Mass. 1, 6, 389 N.E.2d 76 (1979). Under the Massachusetts long-arm statute, "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's ... transacting any business in this commonwealth[, or] ... causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business ... in this commonwealth." Mass. Gen. Laws ch. 223A, §§ 3(a), (d).

3

"Courts that have considered the question of what is sufficient for specific jurisdiction under the TCPA have found that repeated contacts targeted at Massachusetts residents, including calls alleged to be violations of the TCPA, can be considered purposeful availment by a defendant." *Traylor v. Livefree Emergency Response Inc*., No. 1:24-CV-10329-IT, 2024 WL 4943042, at *6 (D. Mass. Dec. 3, 2024) (citing *McDermet v. Porch.com, Inc.*, 2019 WL 1619867, at *2 (D. Mass. Apr. 16, 2019) ("[T]he Complaint alleges that Porch or its agents called McDermet's mobile and home phone numbers that have a Massachusetts area code (978), an allegation sufficient to establish that they purposefully availed themselves of the privilege of doing business in the Commonwealth.") *and citing Daynard*, 290 F.3d at 62 (1st Cir. 2002) ("...where the defendant initiated the transaction by mailing or calling the plaintiff in the forum ... many courts have found jurisdiction.")).

Shockingly, the Defendant denies that it conducts business, advertises, or solicits customers in Massachusetts. Harris Dec. ¶ 7. At the same time, however, it cannot credibly deny that it directed MoBiz to send the messages at issue to a Massachusetts resident with a Massachusetts phone number while he was physically present in Massachusetts, as his declaration confirms. Indeed, Defendant's assertion that the plaintiff did not allege "that Harris Brothers authorized any text messages to Massachusetts," Br. at 8, is belied by the facts and allegations at issue. The Plaintiff pled his telephone number with a Massachusetts area code in his Complaint and has provided his own counter-affidavit in support of jurisdiction. Given that Defendant has advertised and solicited customers in Massachusetts using the very same illegal telemarketing campaign complained of, to a Massachusetts number, no less, Defendant's is wrong. And, as will be explained below, that conduct means that Harris Brothers has caused a tortious injury in this Commonwealth.

This supports the "conduct business" provision of the Massachusetts Long Arm Statute, by operating an auction website accessible to the general public, including Massachusetts residents, in Massachusetts, Defendant has transacted business in this Commonwealth. There can be no question, therefore, that in attempting to solicit for business in Massachusetts, to Massachusetts residents, the Defendant is subject to *specific* personal jurisdiction in Massachusetts arising out of such activity. *See Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 711 (1st Cir. 1996) (holding a Hong Kong hotel was subject to personal jurisdiction in Massachusetts when it sent fax advertisements to Massachusetts and confirmed a reservation by fax).

The circumstances of the calls themselves further show minimum contacts have been satisfied, including the solicitation of a business relationship with a Massachusetts resident, with respect to both transacting business in and causing a tort in Massachusetts. District Courts throughout the United States have agreed and have held that nearly *identical* allegations to those pled in the complaint are sufficient to give rise to the inference that an "injury" occurs in the state with a particular area code when the telephone call is received there. *Shelton v. Nat'l Gas & Elec., LLC*, No. 17-4063, 2019 WL 1506378, at *7 (E.D. Pa. Apr. 5, 2019) (collecting cases holding the harm in a TCPA case occurs where the call is received). Here, Defendant directed its text messages into Massachusetts by directing MoBiz to send them to Massachusetts numbers that it selected and provided to MoBiz. And, by advertising *online* auctions to Massachusetts residents, where any such purchased goods would be shipped, Defendant has transacted (or attempted to transact) business here. *Id.* Defendant thus attempted "to participate in the commonwealth's economic life." *Cossart v. United Excel Corp.*, 804 F.3d 13, 18 (1st Cir. 2015).

Far from a "random or isolated event," *Aub v. Technicolor Ent. Serv's.*, 224 F. Supp. 2d 371, 373 (D. Mass. 2002), the Defendant did not unknowingly send the text messages at issue to

the Plaintiff. Rather, it directed the messages to the Plaintiff, knowing full well that he has a

Massachusetts area code, and thus attempted to garner business from Massachusetts residents

here, including by encouraging them to participate in an online auction. This is *precisely* the type

of participation in the economic life of this Commonwealth that the First Circuit has already held

to be sufficient. For example, in *Sheldon v. DT Swiss AG*, No. 1:22-CV-11198-IT, 2023 WL

6201560, at *2 (D. Mass. Sept. 22, 2023), for example, Judge Talwani denied a motion to

dismiss against a Swiss manufacturer of bicycle equipment that sold and shipped its products in

Massachusetts.

In any event, as in *DT Swiss*, the Supreme Court's recent decision in *Ford Motor Co. v.

Montana Eighth Jud. Dist. Ct*. 141 S. Ct. 1017 (2021), further cements the propriety of specific

personal jurisdiction here, especially when considering purposeful availment in cases before

*Ford*. In *Ford*, a Montana resident passed away as a result of an accident the plaintiff claimed to

be a result of Ford's negligence. *Id. at 1023*. Ford moved to dismiss based on a lack of personal

jurisdiction. *Id.* Although it correctly denied general jurisdiction because Ford was headquartered

in Michigan and was incorporated in Delaware, it also denied specific jurisdiction because the

car was assembled in Kentucky, sold by a Ford dealer in Washington, then sold by third parties,

not Ford, in Oregon, and then to the Montana resident. *Id.* Ford argued, as Defendant does here,

and as the defendants in the aforementioned cases did, that a break in the *causational* chain, such

as not having an auction house in a certain state, also broke the *jurisdictional* chain. *Id.* at 1024.

Not so. The Supreme Court rejected the same causation-only approach proffered by both

Ford and the defendant. In so doing, it clarified that an alleged break in the chain of *causation*,

such as (allegedly) not doing any business in Massachusetts or directing advertising to

Massachusetts residents, does *not* break the chain of *jurisdiction*, which is subject to its own

analysis, *irrespective* of the causational elements of the tort. Defendant, like Ford, cannot deny that it stood ready to sell its goods via the internet and ship them into Massachusetts and to conduct business there. *Cf. id.* at 1029. Nor can the Defendant deny that it did not know that it was calling a telephone number with an address associated with Massachusetts and that it would be subject to suit here arising out of further conduct of its business, for example, if the Plaintiff actually purchased any goods shipped into Massachusetts and then sued for breach of contract.

Because the Defendant is unquestionably subject to specific personal jurisdiction here for selling its goods and services, the Defendant is also subject to specific personal jurisdiction because of related marketing conduct. A defendant that has accepted the privileges of directing business at the forum state has also accepted the burden of appearing before its courts, even if they have never physically entered the forum state. *Burger King*, 471 U.S. at 476. This makes the other method under the Massachusetts long arm statute through which Plaintiff can state a claim, that for committing a tort in this state, particularly applicable here. Just as in *Traylor, McDermet*, *Nowack*, and *Deynard*, the Defendant directed its advertising into Massachusetts.

A panoply of other cases outline similar results in the TCPA context.[1] In TCPA cases, courts find that specific personal jurisdiction exists when a defendant, or their agent, sends a message into the forum state by targeting a phone number with an area code that is associated

---

[1] Further citations abound. *See, e.g., Hicks v. Health Ins. Innovations, Inc.*, No. 17-3344, 2017 WL 6764054, at *3, 2017 U.S. Dist. LEXIS 214098, at *4 (D.N.J. Dec. 20, 2017) (finding that New Jersey court lacked personal jurisdiction over TCPA defendant because plaintiff "merely maintains a cell phone with a New Jersey area code" and was not citizen of New Jersey, did not receive the calls in question in New Jersey, and did not allege that she suffered any harm in New Jersey); *Michaels v. Micamp Merch. Servs.*, No. 13-191, 2013 U.S. Dist. LEXIS 159782, 2013 WL 5970340 (W.D. Pa. Nov. 8, 2013) (finding Pennsylvania lacked personal jurisdiction over TCPA defendant because plaintiff was merely present in Pennsylvania when she received call in question, but was not Pennsylvania resident, did not have Pennsylvania phone number, and did not allege that defendant knew she was in Pennsylvania).

with that forum. *See, e.g.*, *Abramson v. Agentra, LLC*, No. 18-615, 2018 U.S. Dist. LEXIS 212285, at *12 (W.D. Pa. Dec. 18, 2018) ("Agentra purposefully aimed its conduct at Pennsylvania by contacting directly Abramson's Pennsylvania mobile and residential telephone numbers."); *Abramson v. CWS Apt. Homes, LLC*, No. 16-426, 2016 U.S. Dist. LEXIS 146627, at *6 (W.D. Pa. Oct. 24, 2016) (holding allegations that defendant targeted Pennsylvania area codes sufficient); *Baker v. Carribean Cruise Line, Inc.*, No. CV 1308246-PCT-PGR, 2014 U.S. Dist. LEXIS 28960, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) (holdings as sufficient for personal jurisdiction the allegation that "Defendant made calls to Plaintiff's Arizona [cell phone] number and the fact that those calls are the basis for Plaintiff's claims.").

Here, Plaintiff has alleged facts, and sworn to them in an affidavit, which, if true, unquestionably give rise to the exercise of specific personal jurisdiction in Iowa with respect to the illegal calls complained of. A defendant that has accepted the privileges of directing business at the forum state has also accepted the burden of appearing before its courts, even if they have never physically entered the forum state. *Burger King*, 471 U.S. at 476. The Plaintiff has made out a *prima facie* case of personal jurisdiction under the wealth of TCPA-specific case law.

To that end, the contrary authorities cited by the Defendant are unpersuasive because none of those cases were TCPA cases where, as here, the Defendant sent messages into a telephone number associated with the forum state, and to sell goods and services to residents of the forum state. And cutting to the heart of Defendant's due process argument, as the Court explained in Shelton, "Here, we need not decide which factors are dispositive because Plaintiff has demonstrated that he was a Pennsylvania resident when he received the call, was physically present in Pennsylvania, and has a Pennsylvania phone number. . . . Given Plaintiff's affidavit, credit card statement, and Pennsylvania area code, we need not engage in any further analysis."

8

2019 WL 1506378, at *7 (E.D. Pa. Apr. 5, 2019). Moreover, Defendant "does not address the *Gestalt* factors which lean in favor of exercising jurisdiction, such as Massachusetts's adjudicatory interest in protecting its residents from violations of the TCPA and the plaintiff's interest in obtaining convenient relief." *Traylor*, 2024 WL 4943042, at *6.

Here, Plaintiff has alleged facts, and sworn to them in an affidavit, which, if true, unquestionably give rise to the exercise of specific personal jurisdiction here with respect to the illegal calls complained of. A defendant that has accepted the privileges of directing business at the forum state has also accepted the burden of appearing before its courts, even if they have never physically entered the forum state. *Burger King*, 471 U.S. at 476. The Plaintiff has made out a prima facie case of personal jurisdiction under the wealth of TCPA-specific case law. The plaintiff need only make out a *prima facie* case of personal jurisdiction and he has unquestionably done so. Judge Talwani's decision in *Traylor* is simply the latest in a long line of well-established TCPA cases holding that there is specific personal jurisdiction over callers based on facts here. This Court should hold the same.

To the extent that jurisdictional questions remain, this Court should permit jurisdictional discovery. Although the Plaintiff respectfully submits that the record here in unambiguous and that the Plaintiff has made out a *prima facie* case supporting the exercise of specific personal jurisdiction, to the extent that it does consider the issues, the issue should not be decided simply on the pre-discovery affidavit of the Defendant.

B.      *Section 227(c) of the TCPA provides a private right of action for violations of 47 C.F.R. § 64.1601(e), which was promulgated under 227(c), which has a private right of action.*

Defendant simply rehashes points from MoBiz's brief in support of its contention that there is no private right of action under the TCPA's caller ID rules. However, Plaintiff wishes to address two points. First, Plaintiff notes that, in the time since his initial opposition was filed, *yet*

*another* court, in addition to *Newell*, has held that there exists a private right of action for violations of the TCPA's caller ID regulation. *Dobronski v. CHW Grp., Inc.*, No. 24-CV-11649, 2025 WL 2426370, at *8 (E.D. Mich. Aug. 21, 2025).

Second, Defendant's additional argument that Congress did not appropriately promulgate the Caller ID regulations is a nonstarter. Harris Brothers' theory has sweeping implications: If it's correct, the FCC also would have acted contrary to Congress' explicit delegation and private right of action when it created the Do Not Call Registry and would mean that nobody has a private right of action to enforce any part of the FCC regulations. Fortunately, Harris Brothers' theory is wrong. Mainly, that isn't how regulatory rulemaking works. Congress can create a private right of action (as in Section 227(c)(5)), and then leave it up to an agency to promulgate rulemaking that implicates that congressionally-authorized right of action. To this end, Section 227(c)(5)'s mandate is clear: it provides for "an action based on a violation of the regulations prescribed under this subsection," that is, the regulations that Congress expressly directed the FCC to promulgate "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). And, as the Plaintiff has already explained, the FCC promulgated 47 C.F.R. § 64.1601(e) when it acted pursuant to Congress' mandate under the TCPA and Do Not Call Implementation Act of 2003. In short, 47 C.F.R. § 64.1601(e) is one of "the regulations" promulgated "under" the TCPA's private right of action.

For the reasons stated in Plaintiff's opposition to MoBiz's motion to dismiss, the FCC acted pursuant to those mandates imposed by Congress and created the instant caller ID regulations in *the same document* as the Do Not Call Registry regulations. Congress authorized the FCC to do so when it passed the Do Not Call Implementation Act. *See* Pub. L. No. 108–10,

117 Stat. 557, § 3. That legislation explicitly authorized the FCC to promulgate regulations which would be enforceable under the TCPA's private right of action, which the FCC did. There can be no question that there exists a private right of action for violations of this regulation.

## IV.    CONCLUSION

This Court must deny Defendant's motion to dismiss in its entirety. Alternatively, it should permit the Plaintiff to amend to correct any deficiencies.

Dated: September 4, 2025

Plaintiff,
By Counsel,

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: July 17, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich

11