IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **STEVEN NOVIA,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**MOBIZ INC.**<br>**AND**<br>**HARRIS BROTHERS**<br>**OF MICHIGAN, INC.**<br><br>*Defendants.* | Case No. 25-cv-11036<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### DECLARATION OF STEVEN NOVIA

1. My name is Steven Novia. I am over 18 years old. I can testify competently to the undersigned statements.

2. My telephone number 617-XXX-XXXX is on the National Do-Not-Call Registry.

3. I am the sole user of 617-XXX-XXXX.

4. The 617-XXX-XXXX number is registered in my name and I am the subscriber of record.

5. The 617 area code is associated with Massachusetts. My number is assigned to a Massachusetts exchange.

6. I submit this Declaration to demonstrate how I was harmed in Massachusetts.

7. By sending the illegal text messages complained of to me in Massachusetts, the messages were directed into Massachusetts.

8. Beginning in or about February 2025, I began receiving multiple unsolicited telemarketing text messages to me in Massachusetts, while I was in Massachusetts, to my

1

Massachusetts number advertising Harris Brothers auctions. Each of the text messages came from the number 810-208-1763.

9. These messages were sent while I was physically present in Massachusetts, using my Massachusetts-based number, and disrupted me here.

10. Because the caller ID information only displayed as a raw number, I was forced to open and review the texts, wasting time and interfering with my ability to prioritize legitimate communications.

11. In sum, the lack of accurate caller ID information transmitted along with text messages undermines trust in the source of the text messages I receive and my ability to identify those calling me illegally.

12. For example, here, the text message showed up as a number instead of being associated with a name, which prohibits me from knowing who is texting me at a glance and requires me to open the message, which is an additional step that wastes my time and energy.

13. By contrast, accurate caller ID information would have allowed me to view the sender, including while my phone screen was locked, and ascertain that the message was not important and prioritize my daily tasks accordingly.

14. And, in order to associate the telephone number with a name for each repeated message that was sent to me (as opposed to memorizing a spam telephone number), I would be forced to add the number to my contacts, which simply adds to clutter in my contacts book and is an additional step to take for messages I don't even want and want to ignore.

15. The lack of accurate caller ID information also prevented me from immediately knowing who was responsible for the messages, whom to tell to stop, or whom to hold legally accountable. I eventually learned, only through an e-mail to Harris Brothers, that MoBiz was

the actual initiator of the texts, but this was not disclosed in the caller ID or messages themselves.

16. As reproduced in the Complaint, each of the text messages I received came from 810-208-1763 and did not transmit an accurate caller ID name.

17. Because the caller ID information did not identify the caller by name, I had no way to know who was attempting to solicit me, whom to ask to stop, or whom to sue to protect my rights.

18. To be clear, the lack of accurate caller ID name information harmed me, among other reasons, because it made it difficult and impossible to identify who was texting me.

19. To be clear, I do nothing to precipitate the illegal calls and messages which are placed to me. I do not want these communications, but they continue to be placed to me. They are highly annoying and disruptive.

20. The text messages caused multiple harms to me in Massachusetts in that they invaded my privacy, disturbed my solitude, consumed device storage, bandwidth, and battery power, and created nuisance and annoyance in my daily life. I was deprived of legitimate use of network resources, bandwidth, power, and storage space and my privacy was improperly invaded. Additionally, my statutory rights as recognized by the TCPA were violated. Illegal calls are frustrating, obnoxious, and annoying. They are a nuisance and disturbed my solitude.

21. My number is on the Do-Not-Call Registry, and I did not provide any consent for anyone to send the calls at issue to me.

22. It is my understanding that failure to reply "STOP" does not negate liability, either. My registration of my number on the Do Not Call Registry and non-consent as an initial

matter already signifies that I did not consent, and I understand the TCPA to require no further steps to protect my privacy interests.

23. I rely on this understanding of the law when I receive unsolicited or unwanted telemarketing calls and text messages.

24. I do not and have never welcomed nor wanted illegal calls or text messages and do nothing to receive or deserve them. My injury was done completely at the hands of Defendants, who took it upon themselves to text me in Massachusetts with a Massachusetts number in violation of the TCPA.

25. I brought this case as a class action because I know that there are likely thousands more people in a similar situation such as myself, having received messages from Defendants, including in Massachusetts, without their consent.

26. I brought this case not for personal motives or financial gain, but as a bulwark for the rights of consumers against illegal telemarketing. I was not paid by anyone to do so.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

**Executed this 27th day of August 2025, in the United States of America,**

*/s/ Steven Novia*

**Steven Novia**