**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| STEVEN NOVIA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>       v.<br><br>MOBIZ, INC.; HARRIS BROTHERS OF MICHIGAN, INC.,<br><br>    Defendants. | Civil Action No. 1:25-cv-11036-AK |

**DEFENDANT HARRIS BROTHERS OF MICHIGAN'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
AND CROSSCLAIM AGAINST MOBIZ, INC.**

Pursuant to Fed. R. Civ. P. 8, Defendant Harris Brothers of Michigan, Inc. ("Harris Brothers") hereby submits the following Answer and Affirmative Defenses to Plaintiff Steven Novia's Complaint in the above-captioned action. In addition, pursuant to Fed. R. Civ. P. 13, Harris Brothers submits the following Crossclaim against Defendant Mobiz, Inc. ("Mobiz").

**ANSWER**

Harris Brothers hereby answers the Complaint as follows:

1.      This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the statute is the best evidence of its contents and denies the remaining allegations in this Paragraph.

2.      This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the regulation and decision are the best evidence of their contents and denies the remaining allegations in this Paragraph.

1

3.      Harris Brothers lacks knowledge or information sufficient to form a belief about the truth or falsity of why Novia is bringing this lawsuit. Otherwise, Harris Brothers denies the allegations set forth in this Paragraph.

## PARTIES

4.      Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph.

5.      Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph.

6.      Admitted.

## JURISDICTION AND VENUE

7.      The allegations set forth in this Paragraph contain a legal conclusion to which no response is required.

8.      With respect to the first sentence of this Paragraph, denied. With respect to the second sentence of this Paragraph, Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation.

9.      Denied.

## BACKGROUND

10.     This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the statute is the best evidence of its contents and denies the remaining allegations in this Paragraph.

11.     This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the regulation is the best evidence of its contents and denies the remaining allegations in this Paragraph.

12. This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the regulation is the best evidence of its contents and denies the remaining allegations in this Paragraph.

13. This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the statute and regulation are the best evidence of their contents and denies the remaining allegations in this Paragraph.

14. This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the regulation is the best evidence of its contents and denies the remaining allegations in this Paragraph.

15. This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the regulation is the best evidence of its contents and denies the remaining allegations in this Paragraph.

16. This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the statute and decision are the best evidence of their contents and denies the remaining allegations in this Paragraph.

## FACTUAL ALLEGATIONS

17. Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph.

18. Denied.

19. Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph.

20. Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph.

21.     Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph.

22.     Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph.

23.     Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph.

24.     Denied. Answering further, Harris Brothers states that in or around October 2021, Novia registered for and participated in a Harris Brothers auction under the username Gambet78, and he provided his phone number, email address, and credit card number to Harris Brothers in connection with that registration.

25.     Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph. Answering further, Harris Brothers denies that Novia has never been a customer of Harris Brothers and never consented to receive calls or text messages from Harris Brothers.

26.     Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph.

27.     Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph regarding the origin of the text messages, Novia's counsel's access to or methodology for querying the Caller ID database, the process described for ascertaining CNAM information, and the results of any such database dips. To the extent that this Paragraph contains any allegations directed at Harris Brothers, Harris Brothers denies the allegations set forth in this Paragraph.

4

28.     Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph regarding the CNAM data purportedly transmitted by Onvoy, the functionality of Onvoy's CNAM system, or the results of any database dips conducted by Novia's counsel. To the extent that this Paragraph contains any allegations directed at Harris Brothers—including any suggestion that Harris Brothers transmitted, directed, or is responsible for the CNAM information transmitted—Harris Brothers denies the allegations set forth in this Paragraph.

29.     Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph regarding Onvoy's CNAM configuration options, Onvoy's default CNAM settings, or the technical operation of Onvoy's systems. To the extent that this Paragraph contains any allegations directed at Harris Brothers— including any suggestion that Harris Brothers elected, controlled, or failed to configure any CNAM setting—Harris Brothers denies the allegations set forth in this Paragraph.

30.     Harris Brothers admits the messages reflected in this Paragraph were sent and states that the messages are the best evidence of their contents. Otherwise, Harris Brothers denies the allegations set forth in this Paragraph.

31.     Admitted.

32.     The allegations set forth in this paragraph are unintelligible such that Defendants are unable to form a belief as to the truth or falsity of those allegations. To the extent that this Paragraph alleges that Mobiz sent messages promoting Harris Brothers auctions or goods, Harris Brothers admits that it provided Mobiz with information regarding prospective customers in connection with the promotion of Harris Brothers auctions and states that Mobiz represented it would send only TCPA-compliant messages. Harris Brothers denies that it sent the messages

alleged in this Paragraph and denies any allegation that it transmitted any messages to Novia or any other alleged class members.

33.    This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the statute and decision are the best evidence of their contents and denies the remaining allegations in this Paragraph.

34.    This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the statute and decision are the best evidence of their contents and denies the remaining allegations in this Paragraph.

35.    This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the statute and decision are the best evidence of their contents and denies the remaining allegations in this Paragraph.

36.    This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the statute and decision are the best evidence of their contents and denies the remaining allegations in this Paragraph.

37.    This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the statute and decision are the best evidence of their contents and denies the remaining allegations in this Paragraph.

38.    Denied.

39.    Denied.

40.    Harris Brothers lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph concerning the specific text messages allegedly received by Novia. Harris Brothers admits only that the links in the images in

6

Paragraph 30 direct users to Harris Brothers' website. Harris Brothers denies the remaining allegations in this Paragraph.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Harris Brothers admits that it could have terminated its contract with MoBiz. Harris Brothers otherwise denies the allegations set forth in this Paragraph.

48. Denied.

49. Denied.

50. This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers denies the allegations set forth in this Paragraph.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. This Paragraph does not state a factual allegation to which a response is required. To the extent that a response is required, Harris Brothers states that the statute and decision are the best evidence of their contents and denies the remaining allegations in this Paragraph.

56. Denied.

7

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

## CLASS ACTION ALLEGATIONS

61.    Harris Brothers incorporates by reference its responses to all of the foregoing paragraphs as if fully set forth herein.

62.    Harris Brothers admits that Novia purports to bring this action on behalf of a class of plaintiffs; however, Harris Brothers denies that this action may be properly adjudicated as a class action and further denies that Novia is entitled to any of the relief he seeks.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

## COUNT I

69.    Harris Brothers incorporates by reference its responses to all of the foregoing paragraphs as if fully set forth herein.

70.    This Paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Harris Brothers denies the allegations set forth in this Paragraph.

71.     This Paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Harris Brothers denies the allegations set forth in this Paragraph.

72.     This Paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Harris Brothers denies the allegations set forth in this Paragraph.

73.     This Paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Harris Brothers denies the allegations set forth in this Paragraph.

74.     This Paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Harris Brothers denies the allegations set forth in this Paragraph.

## COUNT II

75.     Harris Brothers incorporates by reference its responses to all of the foregoing paragraphs as if fully set forth herein.

76.     This Paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Harris Brothers denies the allegations set forth in this Paragraph.

77.     This Paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Harris Brothers denies the allegations set forth in this Paragraph.

78.     This Paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Harris Brothers denies the allegations set forth in this Paragraph.

9

79.    This Paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Harris Brothers denies the allegations set forth in this Paragraph.

80.    This Paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Harris Brothers denies the allegations set forth in this Paragraph.

Harris Brothers denies that Novia is entitled to any of the relief he requests in his Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Court lacks personal jurisdiction over Harris Brothers.

### Second Affirmative Defense

The Complaint fails to state any claim upon which relief can be granted.

### Third Affirmative Defense

Novia's claims against Harris Brothers are barred, in whole or in part, because Harris Brothers did not cause any of Novia's alleged harm.

### Fourth Affirmative Defense

Novia's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or unclean hands.

### Fifth Affirmative Defense

Novia's claims are barred, in whole or in part, to the extent he failed to mitigate his damages.

**Sixth Affirmative Defense**

Novia's claims are barred, in whole or in part, because Novia's own conduct played a role in creating his damages.

**Seventh Affirmative Defense**

Novia's claims are barred, in whole or in part, by Novia's failure to meet the class action prerequisites for certification and maintenance of a class action. The Complaint fails to meet the class action prerequisites for maintenance of a class action, including the elements of numerosity, commonality, typicality, adequacy of representation, predominance of common questions of law and fact over individual issues, ascertainability, and superiority over other methods of adjudication.

**Eighth Affirmative Defense**

Novia's claims are barred, in whole or in part, to the extent that Novia and/or any putative class members provided prior express consent, invitation, or permission, had an established business relationship, or provided other lawful authorization recognized by the TCPA or its implementing regulations.

**Ninth Affirmative Defense**

At all times, Harris Brothers established and implemented, with due care, reasonable and adequate practices and procedures to effectively prevent telephone calls in violation of the TCPA.

## HARRIS BROTHERS' CROSSCLAIM AGAINST MOBIZ, INC.

Defendant and Cross-Claimant Harris Brothers hereby asserts the following Crossclaim against Defendant and Cross-Claim Defendant Mobiz.

### PARTIES

1.      Harris Brothers is a Michigan corporation that owns and operates the Harris Brothers Auction House in Byron, Michigan.

2.      Mobiz is a corporation with its headquarters and principal place of business in Georgia that provides text message marketing services.

### JURISDICTION AND VENUE

3.      This Court has supplemental jurisdiction over this cross-claim pursuant to 28 U.S.C. § 1367 because the cross-claim arises out of the same transaction or occurrence that is the subject matter of the Complaint.

4.      Venue is proper in this District because this cross-claim arises from the same t transaction or occurrence that is the subject matter of the Complaint.

### FACTUAL ALLEGATIONS

5.      Mobiz holds itself out to the public and to prospective customers as a TCPA-compliant text message marketing platform. Mobiz's website, getmobiz.com, represents that its "growth tool is built-in accordance to TCPA, CTIA and GDPR to help ensure your lists are compliant with the latest regulations."

6.      Mobiz's features page similarly advertises "Built-in compliance" as a core feature of its platform, representing that compliance with the TCPA and related regulations is an inherent part of the services Mobiz provides to its customers.

7.      On or about January 14, 2025, Harris Brothers had a meeting over Zoom with a Mobiz sales representative, who advised Harris Brothers regarding Mobiz's offerings. The sales

representative explained that Mobiz offered an optional, one-time "carrier lookup" or "list cleaning" service that would scrub Harris Brothers' contact lists of landlines, Do Not Call registrants, and other TCPA non-compliant numbers.

8. In reliance on Mobiz's representations that the list-cleaning service would ensure TCPA compliance, Harris Brothers registered for Mobiz's services and paid the additional fee for the list-cleaning service in January 2025.

9. In April 2025 and May 2025, Harris Brothers added contacts to its list and, on both occasions, paid Mobiz the list-cleaning fee to ensure that its new contacts were TCPA compliant.

10. Notwithstanding Mobiz's express representations to Harris Brothers that the list-cleaning service would ensure that its contact lists were TCPA compliant, Novia alleges in this action that text messages were transmitted to his telephone number, which was registered on the National Do Not Call Registry, in violation of the TCPA.

11. Harris Brothers has been named as a defendant in this action, has incurred attorneys' fees and litigation costs, and faces potential liability, all as a direct and proximate result of Mobiz's failure to perform the list-cleaning services that it represented it would provide and that it sold to Harris Brothers for that purpose.

12. Harris Brothers has been locked out of its Mobiz account and is unable to access contracts, records, or account information relating to the services Mobiz provided; upon attempting to log in, Harris Brothers is directed to "contact legal," depriving it of documentation it would otherwise be entitled to as a Mobiz customer.

## COUNT I
### Intentional or Negligent Misrepresentation

13.    Harris Brothers incorporates by reference the allegations of the preceding paragraphs.

14.    Mobiz made material representations of fact to Harris Brothers, including: (a) that its list-cleaning service would screen Harris Brothers' contact lists for Do Not Call registrants, landlines, and other non-compliant numbers; and (b) that by paying the list-cleaning fee and using Mobiz's platform, Harris Brothers' campaigns would comply with applicable law.

15.    Those representations were false or were made without reasonable grounds for believing them to be true in that Mobiz's services failed to screen out at least Novia's number, despite its inclusion on the National Do Not Call Registry.

16.    Mobiz made these representations for the purpose of inducing Harris Brothers to pay for its services, including its list-cleaning service.

17.    Harris Brothers justifiably relied on Mobiz's representations in deciding to purchase Mobiz's services, provide its contact lists to Mobiz, pay the list-cleaning fees, and use Mobiz's platform to conduct its marketing campaigns.

18.    As a direct and proximate result of Mobiz's misrepresentations, Harris Brothers has suffered and continues to suffer damages, including the costs of defending this action, potential liability to Novia or other alleged class members, and other consequential damages.

## COUNT II
### Indemnification and Contribution

19.    Harris Brothers incorporates by reference the allegations of the preceding paragraphs.

20.    To the extent Harris Brothers is found liable to Novia—which Harris Brothers expressly denies—such liability would be the direct result of Mobiz's acts and omissions,

including its failure to perform the list-scrubbing services it agreed to perform and its failure to deliver on its representations of TCPA compliance.

21.    Mobiz, as the party that failed to screen the relevant numbers and sold compliance services that it did not deliver, is the party primarily responsible for any TCPA violations alleged in the Complaint.

22.    Harris Brothers is therefore entitled to full indemnification from Mobiz for any judgment, settlement, damages, costs, and attorneys' fees that Harris Brothers may be required to pay in connection with Novia's claims, and alternatively to contribution from Mobiz in proportion to Mobiz's relative fault.

## PRAYER FOR RELIEF

WHEREFORE, Harris Brothers of Michigan, Inc. respectfully requests that this Court enter judgment in its favor on this Cross-Claim and award it the following relief:

   a.  Compensatory damages against Mobiz for Harris Brothers' attorneys' fees, litigation costs, and any judgment or settlement Harris Brothers is required to pay in this action;

   b.  Full indemnification and/or contribution from Mobiz for any liability imposed upon Harris Brothers in this action;

   c.  Any other relief to which Harris Brothers may be entitled under law or equity as a result of Mobiz's wrongful conduct; and

   d.  Such other relief as this Court deems just and proper.

## JURY DEMAND

Harris Brothers demand a trial by jury on all of its claims that are so triable.

15

Respectfully submitted,

*/s/ Alexandra Arnold*
Alexandra Arnold (BBO #706208)
aarnold@clohertysteinberg.com
Daniel J. Cloherty (BBO #565772)
dcloherty@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
Dated: April 6, 2026                    617-481-0160

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing, on April 6, 2026.

*/s/ Alexandra Arnold*
Alexandra Arnold