**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| STEVEN NOVIA, individually and on behalf of all others similarly situated, | ) ) | Civil Action No. 25-CV-11036-AK |
| | ) | |
| Plaintiff, | ) | Judge Angel Kelley |
| | ) | |
| v. | ) | |
| | ) | |
| MOBIZ, INC. AND HARRIS BROTHERS OF MICHIGAN, INC., | ) ) | *(Jury Demand Endorsed Hereon)* |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MOBIZ, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT, ANSWER AND AFFIRMATIVE DEFENSES TO HARRIS BROTHERS OF MICHIGAN, INC.'S CROSSCLAIM, AND MOBIZ, INC.'S CROSSCLAIM AGAINST HARRIS BROTHERS OF MICHIGAN, INC.**

Defendant Mobiz, Inc. ("Mobiz"), for its Answer to Plaintiff's Complaint herein states as follows:

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id*. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id*. § 2(9).

**ANSWER**:    The allegations of paragraph one state legal conclusions to which no answer is required. To the extent an answer may be required, Mobiz refers to the provisions of the referenced statute, 47 U.S.C. § 227, and denies any allegations inconsistent with it. Mobiz denies any factual allegations of paragraph one.

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone

solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER**:   The allegations of paragraph two state legal conclusions to which no answer is required. To the extent an answer may be required, Mobiz refers to the provisions of the referenced regulations, 47 C.F.R. § 64.1200 and 16 C.F.R. § 310.4, and denies any allegations inconsistent with those regulations. Mobiz denies any factual allegations of paragraph two.

3.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Mobiz and Harris Brothers violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, as well as by failing to include the required caller ID information.

**ANSWER**:   Mobiz denies the allegations in paragraph three.

### PARTIES

4.      Plaintiff Steven Novia is an individual residing in the District of Massachusetts.

**ANSWER:**   Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph four and, on this basis, is deemed to deny the same.

5.      Defendant Mobiz Inc. is a corporation that sends marketing text messages with its headquarters and principal place of business in Georgia.

**ANSWER:**   Mobiz admits only that it is a corporation with its headquarters and principal place of business in Georgia. Mobiz denies that it "sends marketing text messages."

6.      Defendant Harris Brothers of Michigan, Inc. is a Michigan corporation which owns the Harris Brothers Auction House in Byron, Michigan.

**ANSWER:**    Mobiz admits that Defendant Harris Brothers of Michigan, Inc. is a Michigan corporation. Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph six and, on this basis, is deemed to deny the same.

## JURISDICTION AND VENUE

7.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

**ANSWER:**    Mobiz admits the allegations in paragraph seven.

8.    This Court has specific personal jurisdiction over Defendant Harris Brothers because it contracted with Mobiz to send text messages into this District and knowingly directed the sending of text messages into this District. This Court has specific personal jurisdiction over Mobiz because it actually sent the text messages at issue into this District, including to a number with a Massachusetts area code.

**ANSWER:**    Mobiz admits that it entered into a contract with Defendant Harris Brothers of Michigan, Inc. Mobiz denies that it actually sent the text messages at issue into this District, including to a number with a Massachusetts area code. Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph eight and, on this basis, is deemed to deny the same.

9.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the claims at issue here, the receipt of illegal text messages, arise in and was orchestrated from Michigan.

**ANSWER:**    Mobiz admits that a substantial portion of the claims at issue here allegedly arose in and were orchestrated from Michigan. Mobiz denies that venue is proper based on Plaintiff's allegation that a substantial portion of the claims at issue in this case arose in or were orchestrated from a venue other than the one in which Plaintiff elected to file this lawsuit.

## BACKGROUND

**A.      The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

**ANSWER**:    The allegations of subheading A state legal conclusions to which no answer is required. Mobiz denies any factual allegations of subheading A.

10.      The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**ANSWER**:    The allegations of paragraph ten state legal conclusions to which no answer is required. To the extent an answer may be required, Mobiz refers to the provisions of the referenced statute, 47 U.S.C. § 227(c)(5), and denies any allegations inconsistent with that statute. Mobiz denies any factual allegations of paragraph ten.

11.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER**:    The allegations of paragraph eleven state legal conclusions to which no answer is required. To the extent an answer may be required, Mobiz refers to the provisions of the referenced regulation, 47 C.F.R. § 64.1200(c)(2), and denies any allegations inconsistent with that regulation. Mobiz denies any factual allegations of paragraph eleven.

12.      A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**ANSWER**:    The allegations of paragraph twelve state legal conclusions to which no answer is required. To the extent an answer may be required, Mobiz refers to the provisions of the referenced regulation, 47 C.F.R. § 64.1200(c)(2), and denies any allegations inconsistent with that regulation. Mobiz denies any factual allegations of paragraph twelve.

13.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER**:    The allegations of paragraph thirteen state legal conclusions to which no answer is required. To the extent an answer may be required, Mobiz refers to the provisions of the referenced statute and regulation, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), respectively, and denies any allegations inconsistent with that statute and regulation. Mobiz denies any factual allegations of paragraph thirteen.

## B.    The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.

**ANSWER**:    The allegations of subheading B state legal conclusions to which no answer is required. Mobiz denies any factual allegations of subheading B.

14.    The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

**ANSWER**:    The allegations of paragraph fourteen state legal conclusions to which no answer is required. To the extent an answer may be required, Mobiz refers to the provisions of the referenced regulation, 47 C.F.R. § 64.1601(e), and denies any allegations inconsistent with that regulation. Mobiz denies any factual allegations of paragraph fourteen.

15.    The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

**ANSWER**:    The allegations of paragraph fifteen state legal conclusions to which no answer is required. To the extent an answer may be required, Mobiz refers to the provisions of the referenced regulation, 47 C.F.R. § 64.1601(e)(1), and denies any allegations inconsistent with that regulation. Mobiz denies any factual allegations of paragraph fifteen.

16.     A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.,* No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**ANSWER**:     The allegations of paragraph sixteen state legal conclusions to which no answer is required. To the extent an answer may be required, Mobiz refers to the provisions of the referenced statute, 47 U.S.C. § 227(c)(5), and denies any allegations inconsistent with that statute. Mobiz denies any factual allegations of paragraph sixteen.

## FACTUAL ALLEGATIONS

17.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**:     The allegations of paragraph seventeen state legal conclusions to which no answer is required. To the extent an answer may be required, Mobiz refers to the provisions of the referenced statute, 47 U.S.C. § 153(39), and denies any allegations inconsistent with that statute. Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph seventeen and, on this basis, is deemed to deny the same.

18.     At no point did the Plaintiff consent to receiving telemarketing calls from the Defendants prior to receiving the automated text messages at issue.

**ANSWER**:     Mobiz denies the allegation in paragraph eighteen that Plaintiff received telemarketing calls from Mobiz. Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph eighteen and, on this basis, is deemed to deny the same.

19.     Plaintiff's telephone number, 617-418-XXXX, is a residential, non-commercial telephone number.

**ANSWER**:     Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nineteen and, on this basis, is deemed to deny the same.

20.     Mr. Novia uses the number for personal, residential, and household reasons.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty and, on this basis, is deemed to deny the same.

21.    Mr. Novia does not use the number for business reasons or business use.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-one and, on this basis, is deemed to deny the same.

22.    The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-two and, on this basis, is deemed to deny the same.

23.    Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there more than 31 days prior to the text messages at issue.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-three and, on this basis, is deemed to deny the same.

24.    Plaintiff has never been a customer of Mobiz or Harris Brothers and never consented to receive calls or text messages from Mobiz or Harris Brothers.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-four and, on this basis, is deemed to deny the same.

25.    Despite that fact, in at least February and March of 2025, the Plaintiff received at least four text messages from the Defendants from the number 810-208-1763.

**ANSWER**:    Mobiz admits that Plaintiff received three texts from Harris Brothers of Michigan, Inc. Mobiz denies that it sent texts to Plaintiff. Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-five and, on this basis, is deemed to deny the same.

26.    Upon information and belief, Defendant Mobiz owns this telephone number.

**ANSWER**:    Mobiz denies the allegation in paragraph twenty-six.

27.    The text messages all came from the foregoing number. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer or company whose services were promoted. The results of those dips are as follows:

[Table Removed]

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph twenty-seven and, on this basis, is deemed to deny the same,

including the table appearing below paragraph twenty-seven.

28.    As the aforementioned chart shows, the CNAM transmitted by the Defendants' ultimate telephone carrier, Onvoy, provided CNAM functionality, but the CNAM functionality transmitted a geographic location and not Defendant Harris Brother's name or telemarketer's name.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph twenty-eight and, on this basis, is deemed to deny the same.

29.    Onvoy provides its customers the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, Onvoy's default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph twenty-nine and, on this basis, is deemed to deny the same.

30.    The messages were sent to solicit the Plaintiff to participate in various of Harris Brothers's auctions, as reflected by the following screenshots:

[Images Removed]

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph thirty and, on this basis, is deemed to deny the same, including the

screenshots of text messages appearing below paragraph thirty.

31.    Each link redirects the individual to Defendant Harris Brothers's website.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph thirty-one and, on this basis, is deemed to deny the same.

32.    All the calls and text messages were sent to attempt to sell and promote the Plaintiff the Defendant Harris Brothers's auctions and the goods auctioned there.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph thirty-two and, on this basis, is deemed to deny the same.

33.    Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 153 (2016).

**ANSWER**:    The allegations of paragraph thirty-three state legal conclusions to which no answer

is required. To the extent an answer may be required, Mobiz refers to the provisions of the TCPA,

and denies any allegations inconsistent with it. Mobiz denies any factual allegations of paragraph

thirty-three.

34.    For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act,* 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

**ANSWER**:    The allegations of paragraph thirty-four state legal conclusions to which no answer

is required. To the extent an answer may be required, Mobiz refers to the provisions of the TCPA,

and denies any allegations inconsistent with it. Mobiz denies any factual allegations of paragraph

thirty-four.

35.    In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.

**ANSWER**:    The allegations of paragraph thirty-five state legal conclusions to which no answer

is required. Mobiz denies any factual allegations of paragraph thirty-five.

36.    The FCC has instructed that sellers such as Harris Brothers may not avoid liability by outsourcing telemarketing to third parties, such as Mobiz:

[A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "sellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re DISH Network, LLC,* 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) (footnotes and alteration marks omitted).

**ANSWER**:    The allegations of paragraph thirty-six state legal conclusions to which no answer is required. Mobiz denies any factual allegations of paragraph thirty-six.

37.    In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574 ¶ 1.

**ANSWER**:    The allegations of paragraph thirty-seven state legal conclusions to which no answer is required. Mobiz denies any factual allegations of paragraph thirty-seven.

38.    Harris Brothers is liable for telemarketing calls placed by Mobiz and transferred or sold to Harris Brothers and its agents to generate customers for Harris Brothers and its agents, including the Plaintiff.

**ANSWER**:    Mobiz denies the allegation in paragraph thirty-eight that Mobiz placed telemarketing calls. Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph thirty-eight and, on this basis, is deemed to deny the same.

39.    Indeed, Harris Brothers's relationship with Defendant Mobiz contains numerous hallmarks of agency.

**ANSWER**:    The allegations of paragraph thirty-nine state legal conclusions to which no answer is required. Mobiz denies any factual allegations of paragraph thirty-nine.

40.     For example, the text messages advertise Harris Brothers's goods and services, and direct those who click on the links to Harris Brothers's website.

**ANSWER:**    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in paragraph forty and, on this basis, is deemed to deny the same.

41.     Harris Brothers could also have eliminated the illegal conduct and risk of TCPA violations complained of herein by refraining from using lead generators and text message marketing services like Mobiz, but it did not.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph forty-one and, on this basis, is deemed to deny the same.

42.     Harris Brothers was interested in selling its products and services via text message marketing, so it turned to text message marketers like Mobiz that could sent text messages *en masse* to advertise its goods and services.

**ANSWER**:    Mobiz denies the allegations in paragraph forty-two.

43.     To do so, Harris Brothers hired Mobiz to orchestrate an *en masse* text message telemarketing campaign.

**ANSWER**:    Mobiz denies the allegations in paragraph forty-three.

44.     Harris Brothers controlled the day-to-day activities of Mobiz by providing the specific criteria and demographics of individuals it desired to target and required Mobiz to adhere to those criteria, including drafting and providing Mobiz the actual message content.

**ANSWER**:    Mobiz admits that Harris Brothers controlled its own texting and drafted the text

messages at issue. Mobiz denies the remaining allegations in paragraph forty-four.

45.     Defendants continued to market to Plaintiff, despite Plaintiff's telephone number being on the National Do Not Call Registry.

**ANSWER**:    Mobiz denies the allegations in paragraph forty-five.

46.     As such, Harris Brothers controlled the content of Mobiz's telemarketing.

**ANSWER**:    Mobiz denies the allegations in paragraph forty-six.

47.     Finally, Harris Brothers could have terminated Mobiz.

**ANSWER**:    Mobiz admits that Harris Brothers could have terminated any business

relationship with Mobiz if it had wanted to do so.

48.    It did not.

**ANSWER**:    Mobiz admits that Harris Brothers did not terminate its use of the Mobiz service

within the timeframe at issue. Mobiz denies any remaining allegations in paragraph forty-eight.

49.    By virtue of hiring Mobiz to conduct a text message marketing campaign showcasing its drafted ads and featured auctions, drafting the very messages themselves, and directing the conduct and other indicia of the calls at issue described above, Harris Brothers directed Mobiz and the content of the communications that Mobiz would use in its marketing.

**ANSWER**:    Mobiz admits Harris Brothers used the Mobiz platform to send text messages.

Mobiz denies the remaining allegations in paragraph forty-nine.

50.    A reasonable seller like Harris Brothers whose telemarketers and agents are sending messages would investigate into the reasons why their vendors are sending messages to numbers on the Do Not Call Registry that never visited their establishment as an initial matter.

**ANSWER**:    The allegations of paragraph fifty state legal conclusions to which no answer is

required. To the extent any answer is required, Mobiz lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in paragraph fifty and, on this basis, is

deemed to deny the same.

51.    Indeed, Harris Brothers could have investigated if the customers or web link clicks it received were genuine or if they were on the National Do Not Call Registry.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph fifty-one and, on this basis, is deemed to deny the same.

52.    It did not.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph fifty-two and, on this basis, is deemed to deny the same.

53.    Harris Brothers hired Mobiz without a proper investigation and did not terminate them.

**ANSWER**:    Mobiz lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph fifty-three and, on this basis, is deemed to deny the same.

54.    As such, they knowingly ratified Mobiz's conduct.

**ANSWER**:    The allegations of paragraph fifty-four state legal conclusions to which no answer

is required. To the extent any answer is required, Mobiz lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in paragraph fifty-four and, on this

basis, is deemed to deny the same.

55.    The 2013 FCC ruling holds that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *In re DISH Network,* 28 FCC Rcd. 6592-93 ¶ 46. Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 ¶ 46.

**ANSWER**:    The allegations of paragraph fifty-five state legal conclusions to which no answer

is required. To the extent any answer is required, Mobiz denies any factual allegations of paragraph

fifty-five.

56.    The calls were unwanted.

**ANSWER**:    Mobiz states that Harris Brothers represented the calls were made with permission

Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph fifty-six and, on this basis, is deemed to deny the same.

57.    The calls were nonconsensual encounters.

**ANSWER**:    Mobiz states that Harris Brothers represented the calls were made with explicit

consent. Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph fifty-seven and, on this basis, is deemed to deny the same.

58.    Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

**ANSWER**:    The allegations of paragraph fifty-eight state legal conclusions to which no answer is required. To the extent any answer is required, Mobiz denies any factual allegations of paragraph fifty-eight.

59.    Plaintiff never provided his consent or requested the calls.

**ANSWER**:    Mobiz states that Harris Brothers represented the calls were made with explicit consent. Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph fifty-nine and, on this basis, is deemed to deny the same.

60.    Plaintiff and the Class have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, battery life, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**ANSWER**:    The allegations of paragraph sixty state legal conclusions to which no answer is required. To the extent any answer is required, Mobiz denies any factual allegations of paragraph sixty.

<strong><u>CLASS ACTION ALLEGATIONS</u></strong>

61.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER**:    Mobiz incorporates by reference its Answers to each of the other paragraphs of the Complaint as if fully set forth herein. Furthermore, Mobiz denies each and every allegations in the Complaint except those allegations which it has expressly admitted herein.

62.    Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants encouraging the purchase of Harris Brothers's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class:** All persons within the United

14

States to whom: (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) encouraging the purchase of Harris Brothers's goods or services, (3) without the transmission of caller identification information that included either CPN or ANI and the Defendant or telemarketer's name, (5) within the four years prior to the filing of the Complaint.

**ANSWER**:    Mobiz admits only that Plaintiff purports to bring this action on behalf of

the class he describes. Mobiz denies any remaining allegations of paragraph sixty-two and

specifically denies that Plaintiff is entitled this action on behalf of any class as defined in

paragraph sixty-two.

63.    **Numerosity:** The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendants' records, or those of their agents.

**ANSWER**:    Mobiz denies the allegations in paragraph sixty-three.

64.    **Typicality:** Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendants' telemarketing calls and Class members sustained similar injuries and damages as a result of Defendants' uniform illegal conduct.

**ANSWER**:    Mobiz denies the allegations in paragraph sixty-four.

65.    **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendants have no defenses unique to Plaintiff.

**ANSWER**:    Mobiz denies the allegations in paragraph sixty-five.

66.    **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a. whether Defendants systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

15

b. whether Defendants transmitted CPN or ANI and their names in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID Class;

c. whether Defendants made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls;

d. the corresponding degree of liability as between Defendants, and;

e. whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

**ANSWER**:      Mobiz denies the allegations in paragraph sixty-six.

67.      **Superiority:** Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members in each Class, such that joinder of all members is impracticable.

**ANSWER**:      Mobiz denies the allegations in paragraph sixty-seven.

68.      In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendants have acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

d. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER**:      Mobiz denies the allegations in paragraph sixty-eight.

**COUNT I**
**Violations of the TCPA, 47, U.S.C. §227**
**(On Behalf of Plaintiff and the National DNC Class)**

69.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER**:     Mobiz incorporates by reference its Answers to each of the preceding paragraphs of the Complaint as if fully set forth herein. Furthermore, Mobiz denies each and every allegations in the Complaint except those allegations which it has expressly admitted herein.

70.     It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

**ANSWER**:     The allegations of paragraph seventy state legal conclusions to which no answer is required. To the extent an answer may be required, Mobiz refers to the provisions of the referenced regulation, 47 C.F.R. § 64.1200(c)(2), specifically, and the TCPA, generally, and denies any allegations inconsistent with that regulation or the TCPA. Mobiz denies any factual allegations of paragraph seventy.

71.     Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or his telephone numbers on the National Do Not Call Registry.

**ANSWER**:     Mobiz denies the allegations in paragraph seventy-one.

72.     These violations were willful or knowing.

**ANSWER**:     Mobiz denies the allegations in paragraph seventy-two

73.     As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER**:     Mobiz denies the allegations in paragraph seventy-three.

74.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER**:    Mobiz denies the allegations in paragraph seventy-four.

**COUNT II**
**Violations of the TCPA, 47 U.S.C. §227**
**(On Behalf of Plaintiff and the Telemarketing Caller ID Class)**

75.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER**:    Mobiz incorporates by reference its Answers to each of the preceding paragraphs

of the Complaint as if fully set forth herein. Furthermore, Mobiz denies each and every allegations

in the Complaint except those allegations which it has expressly admitted herein.

76.    It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

**ANSWER**:    The allegations of paragraph seventy-six state legal conclusions to which no answer

is required. To the extent an answer may be required, Mobiz refers to the provisions of the

referenced regulation, 47 C.F.R. § 64.1601(e)(1), specifically, and the TCPA, generally, and denies

any allegations inconsistent with that regulation or the TCPA. Mobiz denies any factual allegations

of paragraph seventy-six.

77.    Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier.

**ANSWER**:    Mobiz denies the allegations in paragraph seventy-seven.

78.    These violations were willful or knowing.

**ANSWER**:    Mobiz denies the allegations in paragraph seventy-eight.

79.    As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER**:    Mobiz denies the allegations in paragraph seventy-nine.

80.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER**:    Mobiz denies the allegations in paragraph eighty.

## PRAYER FOR RELIEF

Mobiz denies each and every allegation contained in the Complaint, including all "wherefore" clauses, headings, and prayers for relief, including sub-parts A through H, except only those allegations which it expressly admits in the foregoing.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(c) and 12(b), Mobiz may rely upon the following affirmative defenses:

### First Affirmative Defense
### (STANDING)

1.    Plaintiff lacks standing to maintain the instant causes of action. Plaintiff did not suffer a concrete injury from any single phone call allegedly made in violation of the TCPA.

2.    To establish standing, Plaintiff and the proposed class must show a concrete and particularized invasion of a legally protected interest and that he and the proposed class are in the zone of interest that the TCPA is intended to protect.

3.    To the extent that Plaintiff and members of the proposed class have not paid money, lost title to goods of value, suffered any other concrete or particularized harm, and are in the zone of interest protected by the TCPA as a result of the conduct alleged, Plaintiff and members of the proposed class lack standing to bring this suit under Article III of the United States Constitution.

19

**Second Affirmative Defense**
**(REASONABLE PRACTICES AND PROCEDURES)**

4.      Plaintiff's claim is barred because Mobiz established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA, 47 U.S.C. § 227, and its accompanying regulations, 47 C.F.R. § 64.1200.

5.      Specifically, Mobiz requires customers to certify that any contacts provided explicit consent to be contacted by, and receive marketing communication from, the customer.

6.      Furthermore, Mobiz requires any individuals or entities who use its service to consent and agree to be bound by Mobiz Terms and Conditions of Use. By accepting the Terms and Conditions of Use, the user agrees that it is "required, by the consumer and data protection laws applicable to you, to adhere to certain laws and regulations when sending a Mobiz Message to an End User." The user further " guarantees to Mobiz that each person to whom a mobile number belongs in the Customer's Account has specifically opted-in to receive a Mobiz Message from the Customer." The Terms and Conditions of Use also prohibit any user from, among other prohibitions, transmitting any content that could reasonably be considered spam, a nuisance, abusive, or in breach of privacy. Additionally, Mobiz requires users to warrant that they will comply with all applicable laws and regulations, including specifically the TCPA and the US Do-Not-Call Implementation Act.

7.      Thus, this action cannot proceed as a class action because Mobiz established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA, 47 U.S.C. § 227, and its accompanying regulations, 47 C.F.R. § 64.1200.

**Third Affirmative Defense**
**(CONSENT)**

6.      Plaintiff's claims are barred because he (and members of the purported class) consented to any alleged communications.

20

7.    This action cannot proceed as a class action because it is a total defense to any claim of any alleged class member if the facts demonstrate that the alleged class member expressly invited or gave permission to Defendants to make the alleged communications.

### Fourth Affirmative Defense
### (IMPROPER "FAIL SAFE" CLASS)

8.    This action cannot proceed as a class action because Plaintiff has alleged "fail safe" classes, which are inappropriate as a matter of law.

9.    Plaintiff's class definitions are contingent on whether alleged class members consented to receive phone calls, which is determinative of TCPA liability.

10.    Furthermore, Plaintiff's definitions of subclasses are not subsets of the putative class.

### Fifth Affirmative Defense
### (FAILURE TO STATE A CLAIM)

11.    As to Mobiz, Plaintiff fails to state a claim upon which relief can be granted.

12.    Count I fails because the Complaint lacks factual allegations plausibly supporting Plaintiff's assertion that Mobiz "initiated" text messages.

13.    Count II fails because it seeks to enforce a regulation for which there is no private right of action.

### Sixth Affirmative Defense
### (LACK OF CAUSATION)

14.    To the extent Plaintiff states any claim, it fails as to Mobiz because Mobiz did not cause any of Plaintiff's alleged harm.

21

**Seventh Affirmative Defense**
**(CLAIMS ARE NOT PROPERLY**
**CERTIFIABLE UNDER RULE 23)**

15.     Plaintiff purports to represent a class of individuals allegedly contacted by Defendants in violation of TCPA.

16.     Plaintiff further claims that common questions of law and fact predominate over questions affecting any individual member of the class.

17.     Plaintiff's claims cannot properly be certified under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions related to the class, including:

   a.   Whether each individual was allegedly contacted by Defendant(s);

   b.   Whether each individual or an agent of that individual provided consent prior to the contact;

   c.   Whether each individual had an existing business or customer relationship with Defendant(s); and

   d.   Whether Defendant made the call to any individuals in error.

18.     Neither the claims asserted by Plaintiff not the defenses available to and asserted by Mobiz are typical of the claims of the putative class.

19.     Neither the named representative Plaintiff, Mr. Novia, nor his counsel will fairly and adequately protect the interests of the putative class.

20.     It is a total defense to any claim of any alleged class member if the facts demonstrate that the alleged class member expressly invited or gave permission to Defendant(s) to make the alleged calls.

22

**Eighth Affirmative Defense**
**(LACK OF KNOWLEDGE)**

21.    To the extent Plaintiff seeks treble damages based on "the willfulness of Defendants' conduct," Mobiz lacked knowledge that Plaintiff (or any class members) did not opt in or otherwise authorize the alleged communications.

22.    Rather, Mobiz relied on representations by Harris Brothers of Michigan, Inc. that any contacts provided explicit consent to be contacted by, and receive marketing communication from, Harris Brothers of Michigan, Inc.

**Ninth Affirmative Defense**
**(INTERVENING AND SUPERSEDING CONDUCT**
**OF HARRIS BROTHERS OF MICHIGAN, INC.)**

23.    Plaintiff's injury, if any, was directly and proximately caused by the independent, intervening, and superseding acts and omissions of Harris Brothers of Michigan, Inc.

24.    Plaintiff alleges that Harris Brothers of Michigan, Inc. drafted the messages at issue, directed the content of the communications, and selected the criteria and demographics of the individuals who would be contacted. There are no facts in the Complaint alleging that Mobiz controlled the recipients, timing or content of the Harris Brothers of Michigan, Inc. communications.

25.    To the extent Harris Brothers of Michigan, Inc. misrepresented that any contacts provided explicit consent to be contacted by, and receive marketing communication from, Harris Brothers of Michigan, Inc. that action, among others, constitutes an independent, intervening, and superseding act and omission, such that Mobiz cannot be liable to Plaintiff for alleged damages caused by Harris Brothers of Michigan, Inc.

23

### Tenth Affirmative Defense
### (RESERVATION OF RIGHTS)

26.     Mobiz incorporates the allegations stated in its Affirmative Defenses, stated previously, as though stated herein.

27.     Mobiz expressly reserves the right to assert other affirmative defenses as may be appropriate as this action proceeds.

WHERFORE, Defendant Mobiz, Inc. respectfully requests that this Court grant judgment in its favor and against Plaintiff in the form of the following:

a.   An order denying class certification of the class proposed by Plaintiff in the Complaint;

b.   An order declaring that Mobiz, Inc. did not violate the Telephone Consumer Protection Act;

c.   Denying all monetary damages and attorneys' fees; and

d.   Such other relief as may be just.

### MOBIZ'S ANSWER TO HARRIS BROTHERS' CROSSCLAIM

Defendant Mobiz, Inc. ("Mobiz"), for its Answer to the Crossclaim of Harris Brothers of Michigan, Inc. herein states as follows:

### PARTIES

1.     Harris Brothers is a Michigan corporation that owns and operates the Harris Brothers Auction House in Byron, Michigan.

**ANSWER**:   Mobiz admits that Harris Brothers is a Michigan corporation. Mobiz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph one of the Crossclaim and, on this basis, is deemed to deny the same.

2.     Mobiz is a corporation with its headquarters and principal place of business in Georgia that provides text message marketing services.

24

**ANSWER**:    Mobiz admits the allegations in paragraph two of the Crossclaim.

### JURISDICTION AND VENUE

3.    This Court has supplemental jurisdiction over this cross-claim pursuant to 28 U.S.C. § 1367 because the cross-claim arises out of the same transaction or occurrence that is the subject matter of the Complaint.

**ANSWER**:    The allegations of paragraph three of the Crossclaim state legal conclusions to which no answer is required. Mobiz denies any factual allegations of paragraph three of the Crossclaim.

4.    Venue is proper in this District because this cross-claim arises from the same t[sic] transaction or occurrence that is the subject matter of the Complaint.

**ANSWER**:    The allegations of paragraph four of the Crossclaim state legal conclusions to which no answer is required. Mobiz denies any factual allegations of paragraph four of the Crossclaim.

### FACTUAL ALLEGATIONS

5.    Mobiz holds itself out to the public and to prospective customers as a TCPA-compliant text message marketing platform. Mobiz's website, getMobiz.com, represents that its "growth tool is built-in accordance to TCPA, CTIA and GDPR to help ensure your lists are compliant with the latest regulations."

**ANSWER**:    Mobiz admits it offers a text message marketing platform to prospective customers and that a portion of the promotion for its growth tool channel includes the quoted language but specifically denies that Harris Brothers ever used the growth tool channel, that Harris Brothers quotes the language in context, or that Mobiz offers TCPA, CTIA, or GDPR compliance services to its customers. Mobiz denies the remaining allegations in paragraph five of the Crossclaim.

6.      Mobiz's features page similarly advertises "Built-in compliance" as a core feature of its platform, representing that compliance with the TCPA and related regulations is an inherent part of the services Mobiz provides to its customers.

**ANSWER**:    Mobiz admits only that the words "Build-in compliance" appear in a portion of the promotion for its growth tool channel but specifically denies that Harris Brothers ever used the growth tool channel, that Harris Brothers quotes the language in context, or that Mobiz offers TCPA compliance to its customers. Mobiz denies the remaining allegations of paragraph six of the Crossclaim.

7.      On or about January 14, 2025, Harris Brothers had a meeting over Zoom with a Mobiz sales representative, who advised Harris Brothers regarding Mobiz's offerings. The sales representative explained that Mobiz offered an optional, one-time "carrier lookup" or "list cleaning" service that would scrub Harris Brothers' contact lists of landlines, Do Not Call registrants, and other TCPA non-compliant numbers.

**ANSWER**:    Mobiz admits that on or about January 15, 2025, a representative of Harris Brothers had a meeting over Zoom with a Mobiz sales representative, who advised Harris Brothers regarding Mobiz's offerings and that the sales representative stated Mobiz offered an optional, one-time "carrier lookup" that would scrub Harris Brothers' contact lists of landlines. Mobiz denies the remaining allegations of paragraph seven of the Crossclaim.

8.      In reliance on Mobiz's representations that the list-cleaning service would ensure TCPA compliance, Harris Brothers registered for Mobiz's services and paid the additional fee for the list-cleaning service in January 2025.

**ANSWER**:    Mobiz denies the allegations in paragraph eight of the Crossclaim.

9.    In April 2025 and May 2025, Harris Brothers added contacts to its list and, on both occasions, paid Mobiz the list-cleaning fee to ensure that its new contacts were TCPA compliant.

**ANSWER**:    Mobiz denies the allegations in paragraph nine of the Crossclaim.

10.    Notwithstanding Mobiz's express representations to Harris Brothers that the list-cleaning service would ensure that its contact lists were TCPA compliant, Novia alleges in this action that text messages were transmitted to his telephone number, which was registered on the National Do Not Call Registry, in violation of the TCPA.

**ANSWER**:    Mobiz admits that Mr. Novia's Complaint makes the stated allegations against the Defendants, but Mobiz denies the truth of those allegations and denies that it caused any violation of the TCPA. Mobiz denies any remaining allegations in paragraph ten of the Crossclaim.

11.    Harris Brothers has been named as a defendant in this action, has incurred attorneys' fees and litigation costs, and faces potential liability, all as a direct and proximate result of Mobiz's failure to perform the list-cleaning services that it represented it would provide and that it sold to Harris Brothers for that purpose.

**ANSWER**:    Mobiz admits that Harris Brothers has been named as a defendant in this action. Mobiz denies the remaining allegations in paragraph eleven of the Crossclaim.

12.    Harris Brothers has been locked out of its Mobiz account and is unable to access contracts, records, or account information relating to the services Mobiz provided; upon attempting to log in, Harris Brothers is directed to "contact legal," depriving it of documentation it would otherwise be entitled to as a Mobiz customer.

**ANSWER**:    Mobiz admits that it disabled Harris Brothers' account upon learning of Mr. Novia's allegations that Harris Brothers allegedly violated its representations to Mobiz that

27

Harris Brothers' had Mr. Novia's explicit consent to contact him and instructed him to contact

legal. Mobiz denies the remaining allegations in paragraph twelve of the Crossclaim.

## COUNT I
### Intentional or Negligent Misrepresentation

13. Harris Brothers incorporates by reference the allegations of the preceding paragraphs.

**ANSWER**: Mobiz incorporates by reference its Answers to each of the preceding paragraphs

of the Crossclaim, as if fully set forth herein. Furthermore, Mobiz denies each and every allegations

in the Crossclaim except those allegations which it has expressly admitted herein.

14. Mobiz made material representations of fact to Harris Brothers, including: (a) that its list-cleaning service would screen Harris Brothers' contact lists for Do Not Call registrants, landlines, and other non-compliant numbers; and (b) that by paying the list-cleaning fee and using Mobiz's platform, Harris Brothers' campaigns would comply with applicable law.

**ANSWER**: Mobiz denies the allegations in paragraph fourteen of the Crossclaim.

15. Those representations were false or were made without reasonable grounds for believing them to be true in that Mobiz's services failed to screen out at least Novia's number, despite its inclusion on the National Do Not Call Registry.

**ANSWER**: Mobiz denies the allegations in paragraph fifteen of the Crossclaim.

16. Mobiz made these representations for the purpose of inducing Harris Brothers to pay for its services, including its list-cleaning service.

**ANSWER**: Mobiz denies the allegations in paragraph sixteen of the Crossclaim.

17. Harris Brothers justifiably relied on Mobiz's representations in deciding to purchase Mobiz's services, provide its contact lists to Mobiz, pay the list-cleaning fees, and use Mobiz's platform to conduct its marketing campaigns.

**ANSWER**: Mobiz denies the allegations in paragraph seventeen of the Crossclaim.

18. As a direct and proximate result of Mobiz's misrepresentations, Harris Brothers has suffered and continues to suffer damages, including the costs of defending this action, potential liability to Novia or other alleged class members, and other consequential damages.

**ANSWER**: Mobiz denies the allegations in paragraph eighteen of the Crossclaim.

## COUNT II
## Indemnification and Contribution

19.     Harris Brothers incorporates by reference the allegations of the preceding paragraphs.

**ANSWER**:    Mobiz incorporates by reference its Answers to each of the preceding paragraphs of the Crossclaim, as if fully set forth herein. Furthermore, Mobiz denies each and every allegations in the Crossclaim except those allegations which it has expressly admitted herein.

20.     To the extent Harris Brothers is found liable to Novia—which Harris Brothers expressly denies—such liability would be the direct result of Mobiz's acts and omissions, including its failure to perform the list-scrubbing services it agreed to perform and its failure to deliver on its representations of TCPA compliance.

**ANSWER**:    Mobiz denies the allegations in paragraph twenty of the Crossclaim.

21.     Mobiz, as the party that failed to screen the relevant numbers and sold compliance services that it did not deliver, is the party primarily responsible for any TCPA violations alleged in the Complaint.

**ANSWER**:    Mobiz denies the allegations in paragraph twenty-one of the Crossclaim.

22.     Harris Brothers is therefore entitled to full indemnification from Mobiz for any judgment, settlement, damages, costs, and attorneys' fees that Harris Brothers may be required to pay in connection with Novia's claims, and alternatively to contribution from Mobiz in proportion to Mobiz's relative fault.

**ANSWER**:    Mobiz denies the allegations in paragraph twenty-two of the Crossclaim.

## PRAYER FOR RELIEF

Mobiz denies each and every allegation contained in the Crossclaim, including all "wherefore" clauses and prayers for relief, including sub-parts a through d, except only those allegations which it expressly admits in the foregoing.

## First Affirmative Defense
## (STANDING)

1.     Harris Brothers lacks standing to maintain its Crossclaims against Mobiz. Harris Brothers did not suffer a concrete injury from any alleged act or omission by Mobiz.

2. To establish standing, Harris Brothers must show a concrete and particularized invasion of a legally protected interest.

3. Harris Brothers' alleged injuries are purely speculative and based on potential exposure and not based on any actual injury that it has sustained as a result of Mobiz's acts or omissions.

4. Harris Brothers has not lost money, title to goods of value, or suffered any other concrete or particularized harm as a result of the conduct alleged against Mobiz. Therefore, Mobiz lacks standing to bring this Crossclaim under Article III of the United States Constitution.

**Second Affirmative Defense**
**(FAILURE TO STATE A CLAIM)**

5. As to Mobiz, Harris Brothers fails to state a claim upon which relief can be granted.

6. Plaintiff asserts claims against Harris Brothers based on its alleged violations of the TCPA and other laws. Count I of the Crossclaim fails because Harris Brothers does not allege any facts that, even if true, would alleviate Harris Brothers' own obligations to comply with the TCPA and other laws. To the extent Harris Brothers alleges that it reasonably relied on an alleged representation from Mobiz, even if such a representation were made, Harris Brothers would and still was obligated to comply with the TCPA and other laws. Thus, even accepting Harris Brothers' allegations in Count I of the Crossclaim as true for purposes of this affirmative defense, Mobiz did not cause Harris Brothers any injury or damages.

7. Count II of the Crossclaim fails to state a claim against Mobiz because Harris Brothers has not attached or referenced any contract that would require Mobiz to indemnify Harris Brothers for the claims asserted against Harris Brothers in the Complaint. Nor does Harris Brothers assert a legal basis for a claim to contribution based on Harris Brothers' own alleged failures and alleged violations of the TCPA.

### Third Affirmative Defense
### (LACK OF CAUSATION)

8.      To the extent Harris Brothers states any claim, it fails as to Mobiz because Mobiz did not cause any of the alleged harms described in the Complaint or the Crossclaim.

### Fourth Affirmative Defense
### (COMPARATIVE FAULT)

9.      Harris Brothers' injury, if any, was directly and proximately caused by the acts and omissions of Harris Brothers itself and not Mobiz.

10.      As alleged in the Complaint, Harris Brothers drafted the messages at issue, directed the content of the communications, and selected the criteria and demographics of the individuals who would be contacted. There are no facts in the Complaint alleging that Mobiz controlled the recipients, timing or content of the Harris Brothers communications. As it was Harris Brothers that selected and uploaded the contacts, Harris Brothers is comparatively at fault and any damages on its Crossclaim should be reduced according to Harris Brothers' own comparative fault.

### Fifth Affirmative Defense
### (ECONOMIC LOSS RULE)

11.      The Economic Loss Rule bars Harris Brothers' tort-based claim for negligent or intentional misrepresentation asserted in Count I of the Crossclaim as that claim seeks purely economic losses arising from a contractual relationship.

### Sixth Affirmative Defense
### (NO COMMON LAW INDEMNITY)

12.      Count II of Harris Brothers' Crossclaim is barred as a matter of law to the extent Harris Brothers seeks common law indemnity where there is a controlling contract that requires Harris Brothers to indemnify, defend, and hold Mobiz harmless.

31

## Seventh Affirmative Defense
### (UNCLEAN HANDS)

13.    Harris Brothers' Crossclaim is barred by the doctrine of unclean hands.

## Eighth Affirmative Defense
### (ESTOPPEL AND WAIVER)

14.    Harris Brothers' Crossclaim is barred and Harris Brothers is estopped from making its claims by the doctrine of waiver in that Harris Brothers accepted the Terms allocating responsibility and indemnity; certified consent, compliance, and ownership of its contact lists; controlled campaign parameters and content; and reaped the benefits of the campaigns. To the extent Harris Brothers now seeks to recover damages on claims based on those campaigns, those claims fail as a matter of law.

## Ninth Affirmative Defense
### (FAILURE TO MITIGATE)

15.    Harris Brothers failed to mitigate its damages, if any, by failing to implement its own screening measures, failing to stop its campaign once it learned of the alleged violations, and otherwise failing to take reasonable steps to mitigate damages once it had notice of the events described in the Complaint.

## Tenth Affirmative Defense
### (RESERVATION OF RIGHTS)

16.    Mobiz incorporates the allegations stated in its Affirmative Defenses to the Crossclaim, stated previously, as though stated herein.

17.    Mobiz expressly reserves the right to assert other affirmative defenses as may be appropriate as this action proceeds.

## DEMAND FOR RELIEF

WHEREFORE, Mobiz Inc. respectfully requests the following relief:

32

1.      Judgment in favor of Mobiz, Inc. on Harris Brothers of Michigan, Inc.'s Crossclaim;

2.      Judgment in favor of Mobiz, Inc. for costs, expert witness fees, and interest pursuant to the law and/or the Contract, as appropriate; and

3.      For such other and further relief as the Court deems just and proper.

## MOBIZ, INC.'S CROSSCLAIM AGAINST HARRIS BROTHERS OF MICHIGAN, INC.

Defendant Mobiz, Inc. ("Mobiz"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 13(g), hereby asserts its Crossclaim against Defendant Harris Brothers of Michigan, Inc. ("Harris Brothers"), and alleges as follows:

### PARTIES

1.      Mobiz is a corporation with its headquarters and principal place of business in Georgia.

2.      Harris Brothers is a Michigan corporation which owns the Harris Brothers Auction House in Byron, Michigan.

3.      Plaintiff Steven Novia filed a Complaint asserting claims against Mobiz and Harris Brothers. ECF No. 1.

### JURISDICTION AND VENUE

4.      This Court has supplemental jurisdiction over this Crossclaim pursuant to 28 U.S.C. § 1367 because the Crossclaim arises out of the same transaction or occurrence that is the subject matter of the Complaint, specifically the alleged text message campaign described in the Complaint.

5.      To the extent venue is proper in this District for the Complaint, venue is proper in this District because this Crossclaim arises from the same transaction or occurrence that is the subject matter of the Complaint pending before this Court.

**FACTUAL ALLEGATIONS**

6.      In the Complaint, Plaintiff alleges that he received text messages promoting Harris Brothers' auctions and goods, that each link in those messages redirected recipients to Harris Brothers' website, and that the challenged communications were sent to promote Harris Brothers' auction business.

7.      Plaintiff further alleges that Harris Brothers hired Mobiz to conduct a text-message marketing campaign, and that Harris Brothers provided the content or direction for the campaign, controlled the targeting criteria, and could terminate Mobiz's services in Harris Brothers' discretion.

8.      Harris Brothers, in its own Crossclaim [ECF No. 45], admits that the links in the challenged messages directed users to Harris Brothers' website and admits that it provided Mobiz with information regarding prospective customers in connection with promoting Harris Brothers' auctions.

9.      Harris Brothers also alleges in its Crossclaim that it registered for Mobiz's services, paid for those services, and in April 2025 and May 2025 added contacts to its list for use in connection with marketing campaigns promoting Harris Brothers' auctions.

10.     The relationship between Mobiz and Harris Brothers was governed by Mobiz's Terms and Conditions of Use ("Terms"), which state that Mobiz is a service provider to the customer and that neither party is an agent or partner of the other, and that neither party has authority to bind the other.

11.     A true and correct copy of Mobiz's Terms and Conditions of Use is attached as **Exhibit 1**.

12.     The Terms further provide that the customer is responsible for activity occurring under its account and for the content contained in any "Mobiz Message" sent to or viewed by an end user using the service.

13.     The Terms require the customer, such as Harris Brothers, to comply with all applicable laws and regulations, including the TCPA and the U.S. Do-Not-Call Implementation Act, in connection with its use of the service and customer activity on the platform.

14.     The Terms expressly require the customer to adhere to laws and regulations governing outbound marketing communications, including obtaining express consent to contact end users, identifying itself as the sender of messages, honoring opt-outs, and avoiding misleading language.

15.     The Terms also contain an "End User Consent and Opt-In Guarantee," under which the customer, such as Harris Brothers, guarantees to Mobiz that each person whose mobile number appears in the customer's account specifically opted in to receive a Mobiz Message from the customer.

16.     In uploading contacts and using the Mobiz platform, Harris Brothers represented, warranted, and certified that the contacts it provided had expressly consented to receive marketing communications from Harris Brothers and that Harris Brothers' use of the platform would comply with applicable law, including the TCPA.

17.     The Terms additionally provide that the customer, such as Harris Brothers, shall defend, indemnify, and hold harmless Mobiz from losses arising from or relating to claims that the customer data or the customer's use of the service violates any applicable law.

18.     At the time Harris Brothers uploaded contacts into the Mobiz platform for sending texts, Harris Brothers affirmatively checked a box stating that "[t]hese contacts have given explicit consent to be contacted by, and receive marketing communications from, my organization."

19.     The Mobiz platform is configured such that a customer cannot move past the first page for uploading contacts, entitled "Upload File," without checking the box with this representation.

20.     A true and correct screenshot of this page is attached hereto as **Exhibit 2**.

21.     In his Complaint, Plaintiff alleges that the challenged communications were sent to numbers on the National Do Not Call Registry without consent and that the communications promoted Harris Brothers' auctions and goods.

22.     To the extent Plaintiff suffered any loss or asserts any viable claim, such claim arises from Harris Brothers' provision of contact data, its representations regarding consent, its use of the Mobiz service to market its auctions, and its alleged failure to ensure compliance with applicable tele-marketing laws.

23.     To the extent Mobiz incurs any attorneys' fees, costs, damages, settlement amounts, or any other losses in connection with Plaintiff's claims, those losses were caused in whole or in part by Harris Brothers' acts, omissions, representations, warranties, and contractual undertakings.

24.     Mobiz has already incurred attorneys' fees and costs in defending against Plaintiff's claims.

**COUNT I**
**(CONTRACTUAL INDEMNITY)**

25.     Mobiz incorporates by reference Paragraphs 1 through 24 as if fully set forth herein.

36

26.     A valid and enforceable contract existed between Mobiz and Harris Brothers, including the applicable Terms and Conditions of Use governing Harris Brothers' use of Mobiz's platform and services. *See* **Ex. 1.**

27.     Under those Terms, Harris Brothers agreed to defend, indemnify, and hold harmless Mobiz from losses arising from or relating to claims that Harris Brothers' customer data or Harris Brothers' use of the service violated applicable law.

28.     Plaintiff's claims arise from and relate to Harris Brothers' customer data and Harris Brothers' use of the service, including the upload of contacts, the promotion of Harris Brothers' auctions, and the alleged transmission of marketing messages without legally sufficient consent and in violation of the TCPA and related regulations.

29.     Mobiz has been forced to defend against Plaintiff's claims and has incurred and will continue to incur fees and costs associated with that defense for which Harris Brothers is contractually obligated to indemnify, defend, and hold Mobiz harmless.

30.     To the extent Mobiz incurs any loss in this action, Harris Brothers is contractually obligated to indemnify and hold harmless Mobiz for those losses, including reasonable attorneys' fees and litigation expenses, subject to proof.

31.     Mobiz has been damaged, and will continue to be damaged, by Harris Brothers' failure and refusal to honor its contractual indemnity obligations.

**COUNT II**
**(BREACH OF CONTRACT)**

32.     Mobiz incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.

33.     The Terms constituted a valid contract between Mobiz and Harris Brothers governing Harris Brothers' use of Mobiz's platform and services. *See* **Ex. 1**.

34.     Under the Terms, Harris Brothers agreed, among other things, to comply with applicable laws and regulations, including the TCPA; to be responsible for all activity in connection with the service; to be responsible for the content contained in messages sent using the service; and to guarantee that each person whose mobile number was uploaded to Harris Brothers' account specifically opted in to receive a message from Harris Brothers.

35.     Further, Harris Brothers affirmatively represented to Mobiz that the contacts "have given explicit consent to be contacted by, and receive marketing communications from, my organization." *See* **Ex. 2**.

36.     According to the Complaint, Harris Brothers breached the contract by, among other things, providing contact data to Mobiz without legally sufficient consent, using the service in a manner that allegedly violated applicable law, and otherwise failing to satisfy its contractual guarantee that uploaded contacts had specifically opted in to receive marketing messages from Harris Brothers.

37.     According to the Complaint, Harris Brothers further breached the contract by failing to indemnify Mobiz after Plaintiff asserted claims arising from Harris Brothers' data and Harris Brothers' use of the service in alleged violation of applicable law.

38.     As a direct and proximate result of Harris Brothers' alleged breaches, Mobiz has suffered damages, including attorneys' fees, costs of defense, potential exposure in this action, and other damages to be proven at trial.

## COUNT III
### (INTENTIONAL MISREPRESENTATION)

39.     Mobiz incorporates by reference Paragraphs 1 through 38 as if fully set forth herein.

40.    Harris Brothers made material representations to Mobiz, including by representing, warranting, and certifying through its use of the platform and agreement to the Terms that the contacts uploaded to the Mobiz platform had specifically opted in to receive messages from Harris Brothers and that Harris Brothers would comply with applicable laws, including the TCPA. *See* **Ex. 1**.

41.    Further, Harris Brothers represented to Mobiz that the contacts "have given explicit consent to be contacted by, and receive marketing communications from, my organization." *See* **Ex. 2**.

42.    Those representations were false when made, or Harris Brothers made them with knowledge of their falsity or with reckless disregard for their truth, including to the extent the uploaded contacts lacked valid consent or the campaign otherwise failed to comply with applicable telemarketing law.

43.    Harris Brothers made those representations to induce Mobiz to provide access to its platform, process Harris Brothers' uploaded contacts, and facilitate Harris Brothers' marketing campaigns.

44.    Mobiz reasonably relied on Harris Brothers' representations and certifications in providing services to Harris Brothers and in processing the customer data uploaded to the platform.

45.    As a direct and proximate result of Harris Brothers' intentional misrepresentations, Mobiz has incurred and continues to incur damages, including defense costs, attorneys' fees, litigation expenses, and potential liability in this action.

## COUNT IV
## (NEGLIGENT MISREPRESENTATION)

46.    Mobiz incorporates by reference Paragraphs 1 through 45 as if fully set forth herein.

47.    In the alternative to Count III (Intentional Misrepresentation), Mobiz asserts that Harris Brothers negligently misrepresented material facts to Mobiz.

48.    Harris Brothers, in the course of its business and in connection with its use of Mobiz's services, supplied false information to Mobiz for the guidance of Mobiz in its business transactions, including by representing that uploaded contacts had specifically opted in to receive messages from Harris Brothers and that Harris Brothers' use of the platform complied with applicable law. *See* **Ex. 1**.

49.    Further, Harris Brothers represented to Mobiz that the contacts "have given explicit consent to be contacted by, and receive marketing communications from, my organization." *See* **Ex. 2**.

50.    Harris Brothers failed to exercise reasonable care or competence in obtaining or communicating that information to Mobiz.

51.    Mobiz justifiably relied on that information in allowing Harris Brothers to use the platform and in processing Harris Brothers' customer data and marketing activity.

52.    As a direct and proximate result of Harris Brothers' negligent misrepresentations, Mobiz has suffered damages, including attorneys' fees, costs, expenses, and potential liability arising from Plaintiff's claims.

**COUNT V**
**(CONTRIBUTION)**

53.    Mobiz incorporates by reference Paragraphs 1 through 52 as if fully set forth herein.

54.    Plaintiff seeks to hold Mobiz and Harris Brothers liable for the same alleged injury arising out of the same alleged text-message campaign.

40

55. To the extent Mobiz is found liable to Plaintiff, which Mobiz denies, Harris Brothers is liable for the same alleged injury because the challenged messages promoted Harris Brothers' business, directed recipients to Harris Brothers' website, and allegedly were sent using contact information and campaign parameters associated with Harris Brothers.

56. Any fault associated with the alleged campaign was caused in whole or in substantial part by Harris Brothers' conduct, including its provision of contact data, its representations regarding consent, its use of Mobiz's platform for its own marketing purposes, and its alleged failure to comply with applicable law.

57. Accordingly, if Mobiz is adjudged liable to Plaintiff for any portion of the alleged harm, Mobiz is entitled to contribution from Harris Brothers in an amount commensurate with and apportioned to Harris Brothers' relative responsibility, to the extent contribution is available under applicable law.

## **DEMAND FOR RELIEF**

WHEREFORE, Mobiz Inc. respectfully requests the following relief:

a. Judgment in favor on all of its Crossclaims;

b. Damages in an amount to be proven at trial, plus interest and costs;

c. Judgment for costs, expert witness fees, and interest pursuant to the law and/or the Terms and Conditions of Use, as appropriate; and

d.  For such other and further relief as the Court deems just and proper.

Dated: April 28, 2026                              Respectfully submitted,

                                                   */s/ Allison McFarland*
                                                   Allison McFarland (BBO# 703697)
                                                   amcfarland@taftlaw.com
                                                   Taft Stettinius & Hollister LLP
                                                   200 Public Square, Suite 3500
                                                   Cleveland, OH 44114-2302
                                                   P: 216.241.2838 | F: 216.241.3707

                                                   Theodore O'Brien (BBO# 710462)
                                                   (Application for Admission to this U.S.
                                                   District Court pending)
                                                   tobrien@taftlaw.com
                                                   Taft Stettinius & Hollister LLP
                                                   675 Fifteenth Street, Suite 2300
                                                   Denver, CO 80202
                                                   P: 303.297.2900 | F: 303.298.0940

                                                   Ian H. Fisher (appearing *pro hac vice*)
                                                   ifisher@taftlaw.com
                                                   Taft Stettinius & Hollister LLP
                                                   111 East Wacker Drive, Suite 2600
                                                   Chicago, Illinois 60601
                                                   P: 312.527.4000 | F: 312.527.4011

                                                   *Attorneys for Defendant Mobiz Inc.*

## JURY DEMAND

Mobiz, Inc. demands a trial by jury on all if its claims that are so triable.

                                                   */s/ Allison McFarland*
                                                   Allison McFarland (BBO # 703697)

42

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, does hereby certify that they caused a true and correct copy of the foregoing to be served upon all parties by electronic mail and this Court's ECF system, this 28th day of April, 2026.

*/s/ Allison McFarland*
Allison McFarland