IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **STEVEN NOVIA,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**MOBIZ INC.**<br>AND<br>**HARRIS BROTHERS**<br>**OF MICHIGAN, INC.**<br><br>*Defendants.* | Case No.<br>   1:25-cv-11036-AK<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## JOINT STATEMENT

Plaintiff Steven Novia ("Plaintiff") and Defendant Harris Brothers of Michigan, Inc. (together with Plaintiff, the "Parties"), through their undersigned counsel, submit this Report pursuant to Rule 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1.

### I.    FED. R. CIV. P. 26(F) REPORT

#### A.  Nature and Basis of Claims

Plaintiff brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), and its implementing regulations, which prohibit initiating telephone solicitations to residential telephone subscribers whose numbers are listed on the National Do Not Call Registry and require the transmission of accurate caller identification information. Plaintiff alleges that Defendants Mobiz Inc. and Harris Brothers of Michigan, Inc. sent multiple unsolicited telemarketing text messages to Plaintiff's residential cellular telephone number in or around February and March 2025, despite that number being listed on the National Do Not Call Registry for more than thirty-one days prior to the messages at issue, and without Plaintiff's prior express

invitation, permission, or consent. Plaintiff further alleges that Defendants failed to transmit caller identification information that included the name of the telemarketer, despite such functionality being available, and that the messages were sent to promote Harris Brothers' auctions and goods through a coordinated text message marketing campaign conducted by Mobiz on Harris Brothers' behalf.

The Defendants have filed crossclaims against each other. Harris Brothers asserts claims for intentional or negligent misrepresentation (Count I) and contribution and indemnification (Count II); Mobiz asserts claims for contractual indemnify (Count I), breach of contract (Count II), and intentional misrepresentation (Count III).

### B.  Possibilities of Settling or Resolving the Case

*Plaintiff's Position*

Plaintiff is open to mediating a resolution to this matter on a class-wide basis. Plaintiff believes that mediation, at the appropriate time, which is after discovery into the size of the putative class is conducted, makes sense. Given the Defendants' position of bifurcating discovery below, the Plaintiff does not believe a Court-Ordered settlement process makes sense at this time.

*Defendants' Position*

Defendants are open to mediating a resolution to this matter on an individual basis. Defendants are willing to provide on an informal basis information about the size of the putative class, provided the parties agree to stay discovery while pursuing mediation.

### C.  Settlement Proposals Pursuant to LR 16.1(c)

Defendant Mobiz states that it has made a written settlement proposal to Plaintiff.  The Plaintiff has provided a response.

### D. Proposed Discovery Plan

#### 1. Initial Disclosures (Rule 26(a))

The parties propose that they exchange initial disclosures on May 25, 2026.

#### 2. Scope, Timing, and Phasing of Discovery

*Plaintiff's Statement*

Plaintiff anticipates that discovery will be necessary on both the merits of his TCPA claims and the requirements of Federal Rule of Civil Procedure 23 in order to support a motion for class certification and prepare for trial or dispositive motions. Plaintiff expects to seek discovery from Defendants and third parties, including any vendors acting on Defendants' behalf, regarding call and text message data, identification of class members, the content and transmission of the messages at issue, Defendants' relationships with vendors including Mobiz, TCPA compliance policies and procedures, the existence and scope of any consent, Defendants' knowledge, negligence, or willfulness, CNAM and caller identification practices, document retention policies, and communications relating to telemarketing campaigns promoting Harris Brothers' auctions and goods.

Plaintiff opposes bifurcation of merits and class discovery. In this TCPA action, the merits and class certification issues substantially overlap, including discovery concerning the identity and number of recipients, the content and timing of the messages, the source of the telephone numbers, Defendants' telemarketing and texting practices, consent and opt-out records, vendor relationships, and Defendants' TCPA compliance policies and procedures.

Bifurcation is particularly inappropriate here because the Defendants have asserted crossclaims against one another arising from the same operative facts and communications at issue in Plaintiff's TCPA claims. Discovery concerning the parties' respective roles in the text message

campaign, their contractual relationships, indemnification obligations, representations regarding TCPA compliance, and responsibility for the challenged conduct will necessarily overlap with both merits and class discovery. Separating discovery into phases would therefore result in duplicative written discovery, duplicative depositions, increased costs, inefficiency, and unnecessary delay without materially narrowing the issues before the Court.

Accordingly, Plaintiff proposes that discovery proceed concurrently on both merits and class certification issues without bifurcation.

*Defendants' Position*

Defendants posit that pursuant to LR 26.3 and LR 16.1(d)(1)(b) discovery should be bifurcated with the first phase focused on the merits of plaintiff's claims (Phase I) and the second phase on class issues (Phase II).  Phase I should also include discovery on the Co-Defendants' crossclaims against each other.

Discovery in Phase I will involve whether the plaintiff requested to be texted, the relationship between the Co-Defendants (including any agreements between them), each of the Co-Defendants' involvement or lack of involvement in the texting, and the processes in place leading to the texting at issue.

Discovery in Phase II will involve the characteristics of the class, the size of the class, the number of text messages sent, whether, which and how many absent class members requested to be contacted, and whether absent class members are similarly situation to Plaintiff.

### 3.  Electronically Stored Information (ESI)

The Parties will strive to produce electronic documents in the form of multi-page, color, bates-numbered TIFF images together with load files if reasonably available, or in native format. If possible, metadata shall be included in the load files to the extent the metadata is embedded in

the individual electronic documents. Non-electronic documents shall be produced as multi-page, color, bates-numbered PDF images. If there are any issues with the production of ESI, the Parties will meet and confer and attempt to resolve them informally without need for Court intervention.

### 4.  Privilege, Work Product, and Rule 502 Issues

The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information and the Court has included an order under Fed. R. Evid 502(d) in the Stipulated Protective Order [Dkt. 52].

### 5.  Discovery Limits and Modifications

The Parties do not anticipate any need for changes in the limitations on discovery. Should discovery show the need to limit or exceed any discovery limits, the Parties will attempt to reach an agreement on the scope of the discovery before seeking leave of Court to limit or exceed any discovery limits.

### 6.  Additional Case Management or Protective Orders

At the parties' request, the Court already entered a Stipulated Protective Order [Dkt. 52]. The Parties do not anticipate the need for other orders at this time.

## II.    Consent to Magistrate Judge

The Parties do not consent to the magistrate judge.

## III.    Proposed Pretrial Schedule

*Plaintiff's Proposed Pretrial Schedule*

| Initial Disclosures | May 25, 2026 |
| --- | --- |
| Amend the Pleadings | July 7, 2026 |
| Class Certification | Plaintiff's Position:  December 8, 2026 |

|  | Defendants' Position:  September 18, 2027 |
| --- | --- |
| Fact Discovery – Interim Deadlines (written discovery to issue by this date and all depositions to be completed by this date) | Plaintiff's Position:  December 5, 2026<br><br>Defendants' Position:  February 18, 2027 |
| Completion of Fact Discovery (Including Depositions) | Plaintiff's Position:  January 5, 2027<br><br>Defendants' Position:  March 18, 2027 |
| Expert Discovery (if needed) | Plaintiff's Position: October 30, 2026<br><br><br>Defendants' Position:<br>    Plaintiff's R 26(a)(2) deadline May 18, 2027<br>    Plaintiff's trial expert depositions deadline<br>    June 18, 2027<br>    Defendants' R. 26(a)(2) deadline by July 19, 2027<br>    Plaintiff's trial expert depositions deadline by<br>    August 18, 2027 |
| Dispositive Motions | Parties Position:  September 17, 2027 |
| Status Conference | March 25, 2027 to be determined by the Court |
| Settlement Conference | Plaintiff's Position:  May 2027; to be determined by court<br>Defendants' Position:  April 2027; to be determined by court |
| Initial Pretrial Conference | Plaintiff's Position:  October 2027; to be determined by the Court.<br><br>Defendants' Position:  March 2027; to be determined by the Court. |

Respectfully submitted,

Date: May 11, 2026

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*

*/s/ Ian H. Fisher*
Allison McFarland (BBO# 703697)
amcfarland@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-2302
P: 216.241.2838 | F: 216.241.3707

Theodore O'Brien (BBO# 710462)
Taft Stettinius & Hollister LLP
675 Fifteenth Street, Suite 2300
Denver, CO 80202
P: 303.297.2900 | F: 303.298.0940

Ian H. Fisher (appearing *pro hac vice*)
ifisher@taftlaw.com
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
P: 312.527.4000 | F: 312.527.4011

*Attorneys for Defendant Mobiz Inc.*

*/s/ Daniel J. Cloherty*
Daniel J. Cloherty (BBO #565772)
dcloherty@clohertysteinberg.com
Alexandra Arnold (BBO 706208)
aarnold@clohertysteinberg.com
Cloherty & Steinberg LLP
One Financial Center, Suite 1120
Boston, MA  02111
617-481-0160

*Attorneys for Harris Brothers of Michigan, Inc.*